United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 05-60720

(Summary Calendar)

_____

CHRISTINA D JORDAN

Plaintiff - Appellant,

versus

ISLE OF CAPRI CASINOS, INC; ET AL

Defendants

SCHINDLER ELEVATOR CORPORATION

Defendant- Appellee.

_____

Appeal from the United States District Court
For the Southern District of Mississippi

_____

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Christina Jordan appeals a summary judgment in favor of Schindler Elevator Corporation

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("Schindler") on her claim of negligent maintenance of an escalator. Jordan's claim arises from a fall she suffered while riding an escalator maintained by Schindler in the Isle of Capri Casino in 2001. We have jurisdiction based on diversity of citizenship.

We review a summary judgment de novo. *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1326 (5th Cir. 1996). Summary judgment is appropriate against a party who fails to make showing sufficient to establish an essential element of her case, upon which she bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

To succeed on her claim, Jordan must prove that Schindler breached a duty to reasonably maintain the escalator and that this breach created the dangerous condition that proximately caused her injury. *See Miss. Dept. of Transp. v. Cargile*, 847 So.2d 258, 262 (Miss. 2003) (stating elements of negligence claim). Jordan's claim fails because she did not proffer evidence that Schindler breached its duty to maintain the escalator or that any breach proximately caused her injury.

Jordan argues that Schindler breached its duty to properly maintain the escalator by failing to keep appropriate inspection records and failing to replace a missing "tooth" on the escalator "combplate." In support of its motion for summary judgment, however, Schindler submitted inspection and repair records for the six month period prior to Jordan's accident. Jordan proffers no contrary evidence that Schindler failed to maintain inspection records. To the extent that Jordan contends that Schindler was negligent for failing to use a specific inspection checklist, there is no evidence that the use of a particular checklist would have prevented Jordan's injury.

Nor is there any evidence that the escalator combplate was missing a tooth at the time of the accident. Jordan bases this argument on observations of the escalator made in 2004, three years after the accident. Schindler submitted undisputed evidence, however, that at a point after the accident

2

but before Jordan's inspection of the escalator, the combplate was in proper repair.  There is, therefore, no evidence that any failure to keep inspection records caused the escalator to be in a dangerous condition.

For the foregoing reasons we AFFIRM the judgment of the district court.